DECEMBER 7, 1993

No. A–471. BURGER *v.* ZANT, WARDEN. Application for stay of execution of sentence of death, presented to JUSTICE KENNEDY, and by him referred to the Court, denied.

Statement of JUSTICE BLACKMUN, respecting the denial of stay of execution.

Today the Georgia Supreme Court declined to set aside or to stay Christopher Burger's execution. Because that decision rests on adequate and independent state grounds, it presents this Court with no basis on which to grant relief. I write separately, however, to reiterate my conviction that Mr. Burger was denied the effective assistance of counsel during both the guilt and sentencing phases of his trial. See *Burger* v. *Kemp*, 483 U. S. 776, 796 (1987) (BLACKMUN, J., dissenting). His lawyer's direct conflict of interest prevented him from representing Mr. Burger effectively in plea negotiations and on appeal. Just as egregiously, his counsel inexplicably failed to investigate and to present mitigating evidence—evidence that would have shown that 17-year-old Chris Burger had a diminished mental capacity, functioning at the level of a 12-year-old child, and that the unspeakable physical and psychological abuse he suffered as a child left him a troubled adolescent, with recurring psychological problems. These shortcomings by counsel, which were never remedied, leave me convinced that Mr. Burger's conviction, sentencing proceeding, and appeal cannot "be relied on as having produced a just result." *Strickland* v. *Washington*, 466 U. S. 668, 686 (1984).